# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FISHTAILS A FISHTOWN ANIMAL RESCUE, INC., <br><br> Plaintiff <br><br> v. <br><br> SAMANTHA TARANTINO, <br><br> Defendant. | NO. |

## COMPLAINT

Plaintiff Fishtails A Fishtown Animal Rescue, Inc. ("Plaintiff" or "FAR") by its attorneys, Goldberg Segalla LLP, hereby files the following Complaint for damages and injunctive relief against Defendant Samantha Tarantino and in support thereof avers as follows:

1. This is an action in law and in equity for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and section 43(a) of the Lanham Act's prohibition on false association and false advertising, 15 U.S.C. § 1124(a)(1), breach of loyalty and fiduciary duty, conversion/theft, and unjust enrichment.

## PARTIES

2. FAR is a Pennsylvania 501(c)(3) corporation with a principal place of business located at 233 E. Girard Avenue, Philadelphia, PA 19125.

3. Defendant Samantha Tarantino is an individual who resides at 1016 N. Orkney Street, Philadelphia, PA 19123.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 for the claims arising out of 15 U.S.C. §1125(d) and 15 U.S.C. §1124(a)(1), and pursuant to 28 U.S.C. §1367 as the claims all arise out of the same transaction.

5. This Court has personal jurisdiction over the Defendant as she is a citizen of the Commonwealth of Pennsylvania.

6. Venue is proper in this judicial district under 28 U.S.C. §1391, as a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

7. Founded in 2017, FAR is a foster-based 501(c)(3) organization committed to the rescue and rehabilitation of the at-risk, stray, and shelter animals of Philadelphia.

8. FAR provides animals with necessary medical treatment, safe and loving foster homes, and ultimately, their forever home.

9. FAR established the Fishtails Fighting Chance Fund to help pet owners by alleviating some of the financial burdens that emergency care brings. The fund helps owners avoid surrender or euthanasia of their pet in times of crisis by assisting them in covering medical costs beyond routine veterinary care and keeping the pet with their loving family.

10. FAR provides medical services to stray, abandoned, and surrendered animals, placing those animals into foster care while they wait for their forever homes.

11. Plaintiff maintains a website located at www.farsaves.com ("Website") which it uses to promote its adoption and foster services as well as to solicit support to carry out its support for stray, abandoned, and surrendered animals.

12. On or about July 23, 2025, FAR elected Defendant to a position on its Board of Directors and was the VP of Business Operations and Digital Strategy.

13. Defendant did not hold an employment position at FAR.

14. All seats within FAR's Board of Directors are voluntary and unpaid.

15. In her capacity as a member of FAR's Board of Directors, Defendant volunteered to assist with the redesign of FAR's Website.

16. Defendant created multiple accounts and platforms for FAR making herself the administrator without permission and refusing to provide the founder of FAR and the owner of the domain access to the Website or any of the accounts and platforms that Defendant created for FAR.

17. The accounts and platforms set up for FAR by the Defendant included Zeffy, a fundraising platform, Wix which hosted the Website, and Sender, an email platform.

18. Defendant also set up an entire new google suite and email addresses for the board of directors, general email for FAR, and was critical for marketing and advertising pets for adoption and soliciting donations.

19. Defendant has withheld the administrative rights and login credentials for Plaintiff's Google suite.

20. Plaintiff has a TechSoup account which is a platform for nonprofit organizations that provides reduced pricing for various software and for google suites.

21. Defendant set up Plaintiff's TechSoup account using her personal email account instead of using FAR's email account.

22. Defendant created an account to purchase pet food at discounted prices which she used solely for personal use.

23. Defendant went into FAR's previous gmail account and deleted passwords and systematically directed all accounts to her administrative account refusing access to FAR.

24. Defendant's contributions to the Website were controlled by FAR, at the direction of FAR, approved by FAR, paid for by FAR, and incorporated content created and owned by FAR.

25. The functionality of the Website included allowing visitors to: (i) submit applications to adopt or foster rescue animals, (ii) make a charitable donation to FAR, (iii) register for fundraising events held by FAR, (iv) purchase FAR merchandise, and (v) send messages to a general FAR email address.

26. Defendant manipulated the Website and other online accounts to provide herself sole and exclusive administrative rights to the Website and all of FAR's online accounts.

27. On or about September 18, 2025, FAR removed Defendant from its Board of Directors and terminated her voluntary employment.

28. Defendant refused to give the administrative rights and credentials and denied access to others to edit information on the website, access sponsorship emails, and precluded the dissemination of emails regarding a critical fundraising event.

29. As a result, the fundraising event was cancelled.

30. In addition, because Defendant has refused to give up the administrative rights and login credentials to the Website, Plaintiff cannot update or change the content on the Website.

31. In retaliation for her removal, on or about September 19, 2025, Defendant sent correspondence to FAR's Founder and CEO, demanding payment of $5,000 in return for restoring access and control of FAR's digital assets to FAR, including its webpage administrative rights and user login and password information.

32. At or about the same time, without authorization or approval, Defendant unilaterally moved FAR from one web hosting service to another in order to make it more difficult for FAR to recover control of the Website.

33. Since September 19, 2025, when Defendant took control of the Website, FAR has been locked out of the Website.

34. As a result of being locked out of the Website, FAR lost access to all of the Website functionality.

35. Without the administrative rights to the Website, Plaintiff cannot access the site to make updates necessary to advertise pets for adoption and fostering, to collect donations, to accept and interact with applications for adoption and fostering, to access fundraising communications and event registrations, or otherwise to engage with its online presence.

36. As a direct result of Defendant's unauthorized takeover of the Website, FAR is unable to identify, confirm or communicate with registrants of a longstanding Halloween fundraising event scheduled prior to Defendant's malfeasance.

37. Defendant has interfered with Plaintiff's access to funds directed to Plaintiff in the form of donations, merchandise sales, auction and raffle proceeds, and event registration fees.

38. Since Defendant has taken over administrative rights to the Website, which includes access to Plaintiff's Zeffy account, Defendant has effectively taken control of Plaintiff's receipts.

39. Plaintiff has requested, both directly and through counsel, that Defendant relinquish the administrative rights to the Website, google suite, Zeffy account, and other accounts, but Defendant has refused.

## **COUNT I - CYBERSQUATTING**

40. Plaintiff repeats and realleges the factual allegations in each and every prior paragraph as though fully set forth herein.

41. Defendant has a bad faith intent to profit from the use of the internet domain name farsaves.com.

5

42. Defendant is holding the administrative rights and login information for ransom from the Plaintiff.

43. Defendant has offered to sell, transfer, or otherwise assign the domain name to the Plaintiff for financial gain.

44. Defendant did not have reasonable grounds to believe that her use of the domain name was a fair use or otherwise lawful.

45. Plaintiff has been damaged by Defendant's unlawful use of the farsaves.com domain name and will suffer irreparable harm.

46. Defendant's acts are in violation of the Anti-Cybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

47. For Defendant's violation, Plaintiff is entitled to actual damages, statutory damages, attorneys' fees, and injunctive relief requiring the transfer of the farsaves.com website to Plaintiff.

## COUNT II – BREACH OF FIDUCIARY DUTY AND LOYALTY

48. Plaintiff repeats and realleges the factual allegations in each and every prior paragraph as though fully set forth herein.

49. Defendant was a board member of FAR.

50. As a board member of FAR, Defendant owed a fiduciary duty to FAR, including a duty of care and loyalty.

51. Defendant's fiduciary duty to Plaintiff included the duty to place Plaintiff's interests above Defendant's in any matter related to management of Plaintiff.

52. Defendant breached that duty by stealing the administrative rights and login credentials to the Website and holding them for ransom.

53. Defendant breached her fiduciary duty by locking Plaintiff out of its main email account, info@farsaves.com.

54. Defendant breached her fiduciary duty by stealing the administrative rights and login credentials to Plaintiff's Google suite account.

55. Defendant breached her fiduciary duty by stealing the administrative rights and login credentials to Plaintiff's TechSoup account.

56. Defendant breached her fiduciary duty by stealing the administrative rights and login credentials to Plaintiff's Zeffy account.

57. Defendant is liable in damages to FAR for the damages arising out of Defendant's breach of fiduciary duty owed to FAR.

58. Defendant's conduct amounts to a breach of fiduciary duty for which Plaintiff seeks damages in an amount to be determined at trial, and an injunction requiring Defendant to restore all property, both tangible and intangible, to Plaintiff.

## COUNT III – UNJUST ENRICHMENT

59. Plaintiff repeats and realleges the factual allegations in each and every prior paragraph as though fully set forth herein.

60. At all times relevant to this litigation, Defendant owed a legal duty to FAR to not unfairly or unduly take advantage of FAR or commit wrongful acts in order to unjustly enrich herself at FAR's expense or at the expense of FAR's property of financial interests.

61. During the period from approximately September 1, 2025 to the present, Defendant, unjustly enriched herself by wrongfully converting, taking, utilizing, or managing the property and financial interests of FAR.

62. Defendant also unjustly enriched herself by withholding funds and misdirecting auction and raffle proceeds

63. Such acts and omissions leading to Defendant's unjust enrichment were the actual and proximate cause of harm to FAR.

64. Defendant is liable in damages to FAR for the damages arising out of Defendant's unjust enrichment.

65. Defendant's conduct amounts to an unjust enrichment for which Plaintiff seeks damages in an amount to be determined at trial, and an injunction requiring Defendant to restore all property from which Defendant derived an unjust benefit at the expense of Plaintiff.

## COUNT IV – CONVERSION/THEFT

66. Plaintiff repeats and realleges the factual allegations in each and every prior paragraph as though fully set forth herein.

67. At all times relevant to this litigation, Defendant owed FAR a duty not to convert FAR's property for Defendant's own use and benefit.

68. Defendant breached that duty by taking the administrative rights to the website, google suite, and other accounts, and by withholding funds and misdirecting auction and raffle proceeds that were rightfully FAR's.

69. Defendant did not have FAR's consent to take the administrative rights to the Website, google suite, and other accounts, and by withholding funds and misdirecting auction and raffle proceeds that were rightfully FAR's.

70. Defendant took the administrative rights to the website, google suite, and other accounts, and by withholding funds and misdirecting auction and raffle proceeds that were rightfully FAR's without lawful justification.

71. Defendant is liable in damages to FAR for the damages arising out of Defendant's conversion.

72. Defendant's conduct amounts to the tort of conversion for which Plaintiff seeks damages in an amount to be determined at trial, and an injunction requiring Defendant to restore all converted property, both tangible and intangible, to Plaintiff.

### COUNT V – DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP

73. Plaintiff repeats and realleges the factual allegations in each and every prior paragraph as though fully set forth herein.

74. The Declaratory Judgment Act provides in relevant part:

> In a case of an actual controversy within its jurisdiction… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

75. A copyright in a work vests in the author or joint author of the work.

76. FAR is the author or joint author of farsaves.com.

77. Defendant performed work on the Website pursuant to her position at FAR as a member of the Board of Directors.

78. During the time Defendant was a member of the Board of Directors, the Board made it a part of Defendant's regular contributions and responsibilities to assist with design of the Website.

79. Any contribution of Defendant was as an agent or employee of Plaintiff and the Website was therefore a work-for-hire.

80. In addition, the text of the Website is composed of text written and published by Plaintiff or by employees of Plaintiff at the direction of Plaintiff.

81. Plaintiff owns the copyright to the text incorporated into the Website.

82. To the extent the Website is not considered a work-for-hire owned by Plaintiff, the inclusion of Plaintiff's text renders the Website a work of joint ownership.

83. Based on the foregoing, Plaintiff seeks a declaration that it is the rightful owner of the copyright of farsaves.com.

## COUNT VI – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

84. Plaintiff repeats and realleges the factual allegations in each and every prior paragraph as though fully set forth herein.

85. Plaintiff has business relationships with individuals that submit adoption or foster applications on the Website.

86. Plaintiff has business relationships with individuals or organizations that register for events, buy event tickets, make donations, or buy merchandise over the Website.

87. Defendant, as a result of her prior role with Plaintiff, and her administrative rights over the Website, has knowledge of Plaintiff's business relations.

88. Defendant's conduct in locking Plaintiff out of the Website has interfered with Plaintiff's relationships described above.

89. Due to Defendant's conduct, Plaintiff is unable to confirm or communicate with individuals that submitted applications or funds through the Website, cannot confirm the transactions, and cannot complete the transactions.

90. The Defendant is acting intentionally to disrupt Plaintiff's business relationships by locking Plaintiff out of the Website.

91. Defendant's intentional interference is malicious; it is the result of Defendant's competition with Plaintiff or any other legitimate purpose.

92. Defendant's actions have caused Plaintiff actual damages in the form of lost opportunities to find homes for rescue animals, register individuals for events, access receipt of funds.

93. Defendant's conduct amounts to tortious interference with business relationships for which Plaintiff seeks damages in an amount to be determined at trial, and an injuction requiring Defendant to restore Plaintiff to control of the Website and all accounts related thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court issue an Order:

A. Granting a preliminary injunction and permanent injunction requiring Defendant to provide the administrative rights and login credentials to the farsaves.com domain and related accounts;

B. Directing Defendant to account to Plaintiff for any and all funds received or derived by her from her control of the farsaves.com website;

C. Granting a declaratory judgment that Plaintiff owns the copyright to the farsaves.com website;

D. Awarding Plaintiff a monetary judgment against the Defendant for the maximum damages allowable pursuant to 15 U.S.C. § 1125.

E. Awarding Plaintiff monetary judgment for Defendant's breach of fiduciary duty;

F. Awarding Plaintiff monetary judgment for Defendant's unjust enrichment;

G. Awarding Plaintiff monetary judgment for Defendant's conversion;

H. Enter a permanent injunction requiring Defendant to provide Plaintiff with administrative rights and login credentials to all of Plaintiff's account including, but not limited

to, the farsaves.com domain and Website, the Google suite, the TechSoup account, the Zeffy account, and for the info@farsaves.com; and

    I.    Awarding Plaintiff such other and further relief as the Court may deem just and proper.

                              GOLDBERG SEGALLA LLP

By: _____
Daniel S. Strick, #88381
Seth L. Laver, #94518
Mailing Address: PO Box 360, Buffalo NY 14201
1700 Market Street, Suite 3232
Philadelphia, PA 19103-3907
Telephone: 267-519-6800
**Attorneys for Plaintiff Fishtails A Fishtown Animal Rescue, Inc.**

Dated: October 14, 2025

53557778